IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEMARIO DONTEZ WALKER,
#L1625                                                                                                    PETITIONER

VS.                                                          CIVIL ACTION NO. 3:21-cv-273-CWR-FKB

BURL CAIN                                                                                              RESPONDENT

## REPORT AND RECOMMENDATION

Before the Court is the petition for habeas corpus relief, filed by Demario Dontez Walker pursuant to 28 U.S.C. § 2254. *See* [1]. Respondent has filed a Motion to Dismiss [22] pursuant to 28 U.S.C. § 2244(d), to which Walker has not responded. Furthermore, Respondent has filed a Supplement [24] to its motion in the wake of *Wallace v. Mississippi*, 43 F.4th 482 (5th Cir. 2022). For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

### I.   FACTS AND PROCEDURAL HISTORY

In his petition, Walker challenges his August 1, 2016 guilty plea and sentence to felony false pretense in the Circuit Court of Rankin County, Mississippi. On August 22, 2016, the circuit court sentenced Walker as a non-habitual offender to serve a ten-year term in the custody of the Mississippi Department of Corrections ("MDOC"), and after service of eight years, a term of two years of post-release supervision would follow. [22-1] at 2. On September 15, 2016, Walker signed his motion for post-conviction collateral relief, which was filed in the circuit court on September 20, 2016. [23-1] at 6, 32. Walker filed an amended motion on January 23, 2017, [23-1] at 3, and the circuit court denied relief on September 26, 2017. [22-2] at 1. Walker's notice of appeal was filed on October 12, 2017, [23-1] at 4, and the Mississippi Court of Appeals affirmed the denial of relief on January 8, 2019. *See Walker v. State*, 271 So. 3d 789 (Miss. Ct.

App. 2019), *reh'g denied*, May 21, 2019.  On September 12, 2019, the Mississippi Supreme Court denied Walker's petition for writ of certiorari, [23-5] at 3, and the Mississippi Court of Appeals issued its mandate on October 3, 2019.  *Id.* at 2.

In the meantime, Walker filed a petition for writ of habeas corpus relief in this Court on May 7, 2018 as a "protective" filing, requesting that this Court stay and abate federal proceedings until he exhausted his state court remedies.  *Walker v. Hall*, No. 3:18-cv-708-CWR-LRA, 2019 WL 3884867, at *1 (S.D. Miss. July 19, 2019), *adopted,* 2019 WL 3877875 (S.D. Miss. Aug. 16, 2019).  Finding that his claims were not exhausted, and that no good cause existed to stay and abate the petition, this Court dismissed the action.  *See Walker*, 2019 WL 3877875, at *2 (citing *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005)).

Walker signed his present petition for habeas corpus relief and placed it in the prison mail system on March 30, 2021, and it was filed in this Court on April 19, 2021.  [1] at 14.  Because his petition was received as "legal mail" at his facility on March 30, 2021, the Court will consider that date as the date of filing for purposes of the statute of limitations.  *See Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished)("For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes.").  The State responded with its Motion to Dismiss [22] and Supplement [24], arguing that the petition is untimely.  For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

2

II.   DISCUSSION

The State asserts that Walker's petition is untimely under 28 U.S.C. § 2244(d). Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly-filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 199 S. Ct. 847 (1999). AEDPA's statute of limitations period may also

3

be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

      The State asserts that Walker's petition is untimely filed.  A review of the relevant dates shows that the State is correct.  The circuit court entered the sentencing order or judgment on Walker's guilty plea on August 22, 2016.  Under recent Fifth Circuit precedent, Walker's conviction became final ninety days after entry of his August 22 sentencing order, or on Monday, November 21, 2016, when the time for seeking certiorari review before the United States Supreme Court expired.[1]  *See Wallace*, 43 F.4th at 482 (finding that, for purposes of the AEDPA's one-year limitations period, a judgment on a guilty plea in Mississippi becomes final upon the expiration of the 90-day period to file a petition for writ of certiorari before the Supreme Court.).  "As one cannot toll a limitations period before it begins to run," Walker's state motion for post-conviction collateral relief, filed on September 15, 2016, had no impact on the start of the federal AEDPA tolling period.  *See Hicks v. Epps*, No. 4:11-cv-25-P-V, 2011 WL 3236035, at *2 (N.D. Miss. July 26, 2011).  Accordingly, Walker's AEDPA statute of limitations was tolled from November 21, 2016 until October 3, 2019, when the Mississippi Court of Appeals issued its mandate on his motion for post-conviction collateral relief.  From there, Walker had one year, or until October 3, 2020, to file his federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1).  Instead, Walker filed his current petition on March 30, 2021, the date he signed it

---

[1] August 22, 2016 plus ninety days is Sunday, November 20, 2016.  Under Rule 6 of the Federal Rules of Civil Procedure, the next available day for filing was November 21, 2016.

and when it was received by prison officials for mailing.  Thus, his current petition challenging his 2016 guilty plea was filed nearly six months after the expiration of AEDPA's one-year statute of limitations.

Walker's petition, furthermore, does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way).  And Walker's first petition for habeas corpus relief – filed and dismissed by this Court during the pendency of his state motion for post-conviction relief – had no impact on the federal statute of limitations, nor does it provide a basis for equitable tolling.  *See Jones v. Lumpkin*, 22 F.4th 486, 490-492 (5th Cir. 2022)(discussing equitable tolling in the context of court delays).  To be sure, this Court's Report and Recommendation on Walker's first petition for habeas relief, issued July 19, 2019, cautioned Walker (under case law in effect at the time) that he had "approximately ten and a half months after resolution of his state court post-conviction proceedings to file a petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254." *Walker*, 2019 WL 3884867, at *2.  Walker failed to heed that advice, and, instead, filed his petition nearly eighteen months after the mandate on his post-conviction relief issued.

Walker also argues that he is entitled to equitable tolling because of his mental illness. [1] at 12.  "Although mental illness may warrant equitable tolling, a petitioner (i) must make a

5

threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition[]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013).

Walker makes bare, conclusory allegations of mental illness in his petition and asserts that he was unable to exhaust all of his federal habeas claims due to mental illness. To the contrary, the record and Walker's filings "show that he is quite competent and capable of pursuing legal remedies." *Hale v. Shaw*, No. 1:19-cv-242-HSO-MTP, 2020 WL 1286218, at *3 (S.D. Miss. Mar. 18, 2020). He specifically raised his claims of ineffective assistance of counsel and involuntary guilty plea in his motion for post-conviction relief, and he argued "actual innocence" under the guise of a lack of a factual basis for a guilty plea before the state courts. *Walker*, 271 So. 3d at 791-794. His prior petition before this Court contained no such allegations of mental illness. *See Walker*, No. 3:18-cv-708-CWR-LRA, at [1] (Pet.). Furthermore, the decision in his direct appeal makes no mention of any allegations of mental illness by Walker. *Walker*, 271 So. 3d at 789. Thus, Petitioner has failed to make "a threshold showing of incompetence," and he has failed to show that his alleged "incompetence affected his ability to file a timely habeas petition[]." *Jones*, 541 F. App'x at 505.

Accordingly, the undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadlines and, therefore, recommends that the petition be dismissed as untimely filed.

III. <u>CONCLUSION</u>

For the reasons set forth in this Report and Recommendation, the undersigned recommends that the Motion to Dismiss [22] and Supplement [24] be granted and that this case be dismissed with prejudice.

6

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 9th day of January, 2023.

/s/ F. Keith Ball             .
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).