IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEMARIO DONTEZ WALKER**,

       *Petitioner*,

*v.*                     Cause No. 3:21-CV-273-CWR-FKB

**BURL CAIN,** *in his official capacity as Commissioner of the Mississippi Department of Corrections*,

       *Respondent*.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge F. Keith Ball's Report and Recommendation ("R&R"), Docket No. 25, which recommends that Respondent Burl Cain's Motion to Dismiss Petitioner's Writ of Habeas Corpus, Docket No. 22, be granted with prejudice. Docket No. 25 at 6-7. Petitioner has objected to the R&R. Docket No. 26. Having carefully considered the submissions of the parties (including the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, Docket No. 1) and applicable statutory and case law, the Court adopts the R&R as the opinion of the Court.

**I.  Factual and Procedural History**

On August 1, 2016, Petitioner pled guilty to one count of false pretenses in the Circuit Court of Rankin County, Mississippi.[1] Three weeks later, a judge of that court sentenced her

---

[1] Petitioner was convicted under the name Demario Dontez Walker but has indicated in each of her filings before the Court that she presently identifies as Kiriyama San Givanni and uses the she/her/hers series of pronouns. *See* Docket Nos. 1, 11, 26 (referring to herself as "Kiriyama"); *see also* Docket No. 26

to a term of 10 years—eight to serve and two on supervised release. Petitioner filed a motion for post-conviction relief with the Circuit Court on September 20, 2016, and amended that motion on January 23, 2017. The circuit court denied that motion on September 26, 2017. The Mississippi Court of Appeals affirmed on January 8, 2019, and the Mississippi Supreme Court denied her petition for a writ of certiorari on September 12, 2019.

Petitioner filed the present Petition with this Court on March 30, 2021.[2] In it, Petitioner asserts claims of actual innocence and ineffective assistance of counsel. Specifically, she argues that "there was no evidence to substantiate the allegations" against her, and that she was arrested "because [she] [i]s African American, transgender, and without financial resources to fight the case in a[n] all white local justice system." Docket No. 1 at 5. In support of her ineffective assistance of counsel claim, she argues that "counsel spent only 15 min. [with] [her] the entire case," and that counsel "refused to investigate" and "provided inaccurate legal information." *Id*. at 6.

Respondent Burl Cain moved to dismiss the Petition on March 17, 2022, Docket No. 22, and filed an Attachment to that Motion on September 16, 2022, pointing the Court toward the Fifth Circuit's recent decision in *Wallace v. Mississippi*, 43 F.4th 482 (5th Cir. 2022). The Motion and Attachment urge the Court to deny the Petition as time-barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. Petitioner did not respond to the Motion or the Attachment. On October 26, 2022, United

---

(using "she" pronouns). While Petitioner has not moved to change the name listed in the caption or other filings, this Court will give her the respect of using her preferred pronouns.

[2] The Petition was received by the Clerk's Office and docketed on April 19, 2021, but the record shows that Petitioner mailed the Petition on March 30, 2021. For the purposes of calculating the statutory cut-off, the Court applies the Magistrate Judge's analysis of the "mailbox rule," and adopts March 30, 2021 as the filing date.

2

States Magistrate Judge F. Keith Ball recommended that Petitioner's federal habeas petition be dismissed as untimely. Docket No. 25.

Petitioner timely objected. She argues that the statute of limitations should have been tolled when she made a protective filing in this Court on May 7, 2018, and that she is entitled to equitable tolling because she has been pursuing her rights diligently and extraordinary circumstances prevented her from timely filing. Docket No. 26 at 2–3.

The Magistrate Judge's R&R is currently before the Court along with Petitioner's objection. *See* Docket Nos. 25, 26.

## II. Discussion

AEDPA sets forth a one-year statute of limitations for any person "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The clock begins to run on the date on which the judgment "became final by the conclusion of direct review *or* the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A) (emphasis added). In *Gonzalez v. Thaler*, 565 U.S. 134 (2012), the Supreme Court explained that these were separate categories that applied to different kinds of petitioners. "Conclusion of direct review" applies to petitioners who seek review "all the way" to the Supreme Court of the United States. *Id.* at 150. For those petitioners, the clock runs when the Court "affirms a conviction on the merits or denies a petition for certiorari." *Id.* But for all other petitioners—*i.e.*, those who do not seek review at the Supreme Court of the United States—the clock runs "when the time for pursuing direct review in th[at] Court expires." *Id.*

Because Petitioner here did not seek review "all the way" to the Supreme Court, her Petition falls in the second category. Therefore, the Court must determine when Petitioner's "time for pursing direct review" would have expired.

3

Under Mississippi law, there is no direct appeal from a guilty plea, *see* Miss. Code Ann. § 99-35-101, so a conviction becomes final (for the state's purposes) upon the filing of the trial court's sentencing order. But, as the Fifth Circuit recently clarified in *Wallace*, Mississippi petitioners are still eligible for the 90-day buffer to seek review in the Supreme Court of the United States before AEDPA's statute of limitations begins to run. *See Wallace*, 43 F.4th at 497–99.

Here, Petitioner's sentence became final on August 22, 2016 (the day she was sentenced) and Petitioner had 90 days to seek review at the Supreme Court of the United States. That means Petitioner's sentence was final (for habeas purposes) on November 21, 2016. Therefore, she ordinarily would have had to seek relief in federal court under AEDPA by November 21, 2017. But because Petitioner timely sought post-conviction relief in state court on September 20, 2016, AEDPA's statute of limitations was tolled until that process concluded on September 12, 2019 (when the Mississippi Supreme Court denied certiorari). On that date, the statute of limitations restarted, and Petitioner still had over ten months to seek habeas relief in federal court. But Petitioner did not file this § 2244(d) petition until March 30, 2021. Unfortunately, that was too late.

Petitioner argues that her May 2018 "protective filing" should have tolled AEDPA's statute of limitations, or, alternatively, that she should be entitled to equitable tolling because she has pursued her rights diligently and has had a mental illness. The Magistrate Judge found both arguments without merit. The Court is satisfied with the Magistrate Judge's analysis on these arguments and adopts them as the findings of the Court.

**III.     Conclusion**

After careful review, the Court is unable to find any error with the Magistrate Judge's findings. Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge F. Keith Ball's Report and Recommendation, Docket No. 25, is **ADOPTED** as the findings and conclusions of this Court.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss, Docket No. 22, is **GRANTED**.

A separate final judgment shall issue this day. No certificate of appealability will be granted.

**SO ORDERED**, this the 2nd day of February, 2023.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
